Reynolds, J.
The issues really litigated upon the trial were first, whether the plaintiff had become sick and disabled from following his usual business, as alleged in the fourth paragraph of his complaint, the same being denied by the defendant; and second, whether the plaintiff had discharged and released his claim subsequent to the commencement of the action.
The court finds that the plaintiff in August, 1883, became and still continued sick, “insane and disabled from following his usual business or other occupation,” and that the release purporting to be executed by him, was procured from him after the commencement of the action “ and while the plaintiff was non compos mentis.”
The evidence abundantly sustains the first finding, at least to the extent that the plaintiff was, during the time for which he claimed benefits, “ disabled by sickness or other disability from following his usual business, pursuit or other occupation,” in the language of the by-law set out in the complaint; and it also sustains the finding as to the release, and thus avoids the effect which it would otherwise have had.
The defendant now seeks to reverse the judgment on the ground that, as it appears the plaintiff was insane at the time of the commencement of the action, he was incompetent to employ an attorney, and the attorney was therefore without authority to appear for him.
I originally concurred, not without doubt, in the forcible opinion written by Judge Clement to show that this was a fatal objection to the judgment; but on further reflection, since the reargument, I have come to a contrary conclusion.
The plaintiff has not been judicially determined to'be a lunatic on any proceeding brought for that purpose. The finding of the court that he was non compos when he executed the release, has no effect beyond setting aside that instrument. The other finding (which covers the time of the commencement of the action) that he was “ insane and disabled from following his usual business or other occupation,” is material only so far as to bring him within the -scope of the by-law above referred to, viz; to show that he was “ disabled from following his usual business, pursuit, or other occupation.” It is not clear that the court meant more than this by the use of the word “ insane ” in the connection in which it is used. His mind was so far unsound *862 .as to incapacitate him from pursuing bis business (tbat of an ■upholsterer), but until “after office found” the presumption must still prevail that the attorney who appears in his name has competent authority. Besides the issues made by the pleadings having been rightly decided in favor of the plaintiff, even if there has been an irregularity, such as is claimed, how can it be corrected on an appeal from the judgment?
The judgment correctly declares the rights and liabilities of the parties. If the attorney appeared without proper authority, that error should have been reached by a direct motion for the interposition of the court.
I do not see that the decision of this court in Valentine v. Richardt, is in point here. In that case a person, without notice to the nominal plaintiff, and in fact in open hostility to her, had procured an order appointing him her next friend, for the purpose of commencing an action to set aside a conveyance of real •estate made by her, and the action was brought in her name by him as next friend. We held that such a procedure was unauthorized by any law or practice in this State. That was entirely a different question from the one now presented.
Counsel for the appellant contends that the provisions of the Code of Civil Procedure, section 2320 et. seq., prohibit the bringing of an action in the name of a person who is a lunatic. The first, section declares that the jurisdiction of the court extends to the eustody of the person and the care of the property of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy or habitual drunkenness, and section 2322 declares that such jurisdiction must be exercised by means of a committee of the person or property. But until the court interposes its jurisdiction, these provisions do not change the legal status of the persons named in section 2320. Before the court puts forth its arm, it would hardly be claimed that an habitual drunkard cannot employ an attorney and prosecute a suit in his own name. If he may do so, the argument against a suit by a person incompetent from any of the other causes named, fails as far as this statute is concerned. The only regulation as to actions in section 2340, which provides that the committee when appointed may maintain in his own name, as committee, any action which the per•son for whom he is appointed “ might have maintained if the appointment had not been made,” the right to commence an action in the name of a person of unsound mind, before he has .been judicially declared to be such, is implied, rather than taken •away, by tins statute.
It is said that the judgment ought not to stand, because' if the defendant had recovered judgment, it could have been avoided by plaintiff on the ground that his attorney had no authority to commence the action. This seems to be a begging of the question. It assumes one side of the very question under discussion; *863 and I think the assumption is wrong. It seems to be settled tbat where the attorney is responsible (and there is no suggestion here to the contrary), the party is bound by the judgment and must seek his remedy against the attorney who appeared without authority. Brown v. Nichols, 42 N. Y., 30; Ferguson v. Crawford, 70 N. Y., 254. I can see no reason why a lunatic, before “ office found ” should not be subject to this rule as well as any other person. He has the same legal standing to appear as a party in his own name, till a committee has been appointed in the manner provided by law. The parties litigated upon an equality, and the judgment is binding upon both. With this view of the case I think the judgment should be affirmed.
CLEMENT, J., dissents.